UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nellah Richards,

Plaintiff,

vs.

Kindred Hospital of Minnesota,

Defendant.

Civil No. 02-CV-308 JEL/JGL

**REPORT AND RECOMMENDATION**

---

Christopher Obasi for Plaintiff.
Thomas Marshall for Defendant.

---

**THIS MATTER** came for a hearing before the undersigned United States Magistrate Judge on April 19, 2002, on Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)[#3 ]. This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636. For the reasons which follow, this Court will recommend that Defendant's motion be granted.

## I. FACTUAL BACKGROUND

This case arises from Plaintiff, Nellah M. Richards' ("Plaintiff" or Ms. Richards") previous employment with Defendant, Kindred Hospital of Minnesota ("Defendant" or "Kindred"). Ms. Richards is an African-American woman who was a Nursing Assistant with Kindred. In December 2001, the Department of Human Services investigated a patient complaint that included the questioning of Ms. Richards as a witness concerning the reporting patient's care. The nature of the patient's issue is unknown, however, Ms. Richards states in her Complaint that Kindred was not pleased about the investigation and withheld her raise as a result of the incident.

JUL 2 2 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Next, Ms. Richards and one other person failed the Cardio Pulmonary Resuscitation (CPR) class administered by Kindred in December 2001. According to the Plaintiff, Kindred's Director of Nursing, following facility policy, sought to remove both employees from the work schedule until the CPR certification could be received. Ms. Richards requested to take the class elsewhere, and complained that her current CPR card was good until the end of December. The Director examined the CPR card and after leaving the room to make a few phone calls, Ms. Richards was terminated as a result of using a falsified certification document. Plaintiff claims:(1) Reprisal Discrimination under Title VII; (2) Reprisal Discrimination under 42 U.S.C. § 1981; (3) Reprisal Discrimination under Minnesota Human Rights Act ("MHRA"); (4) Unjust Enrichment and Punitive Damages under Minnesota Statute § 549.20. Kindred requests this Court to Dismiss the Complaint under Rule 12.

## II. STANDARD OF REVIEW

In the case of a Defendant's 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court is limited to considering the allegations of the complaint, must take those allegations as true, and must view the complaint in the light most favorable to the plaintiff. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Ring v. First Interstate Mfg., Inc., 984 F.2d 924 (8th Cir. 1993); Klett v. Pim, 965 F.2d 587, 589 (8th Cir. 1992); United States v. Aceto Agric. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989); Toombs v. Bell, 798 F.2d 297, 298 (8th Cir. 1986). The Court should not grant a motion to dismiss merely because the complaint does not state with precision every element of the offense necessary for recovery. See 5 Wright & Miller, Federal Practice and Procedure: Civil, §§ 1216 at 120 (1969). A complaint is sufficient if it contains "allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." Id. at 122-23. Moreover, a court should not dismiss a complaint unless it

"appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his complaint which would entitle him to relief." Conley, 335 U.S. at 45-46. Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982); see also Palmer v. Tracor, Inc., 856 F.2d 1131 (8th Cir.1988); Baxley-DeLamar Monuments, Inc. v. American Cemetery Ass'n, 843 F.2d 1154 (8th Cir. 1988).

## III. CONCLUSIONS OF LAW

### A. Defendant's Motion to Dismiss Reprisal Discrimination Claims Should Be Granted

The Defendant moves for dismissal on Counts I, II, and III of the Complaint asserting reprisal discrimination under Title VII, 42 U.S.C. § 1981, and the MHRA. Although unclear, it appears Plaintiff claims that Defendant violated the provisions of Title VII, the MHRA, and 42 U.S.C. § 1981, prohibiting reprisals against employees who oppose illegal discrimination.

In order to establish a prima facie case of reprisal discrimination, under Title VII. Section 1981, and the Minnesota Human Rights Act (MHRA), an employee must show: (1) statutorily protected conduct by the employee; (2) adverse employment action; and (3) causal connection between the adverse employment action and the protected activity. See Thompson v. Olsten Kimberly Qualitycare, Inc., 33 F.Supp.2d 806 (D. Minn. 1999); Civil Rights Act of 1964, §§ 701 et seq.; 42 U.S.C.A. §§ 2000e et seq.; M.S.A. §§ 363.03. Here, the Complaint is devoid of any assertion that the Plaintiff engaged in any activity protected by Title VII, §1981 or the MHRA.

Fairly read, Plaintiff's complaint alleges only that she was terminated for using a fraudulent CPR certification card, and that Defendant failed to verify the authenticity of the CPR card that

Defendant contends was fraudulent. While a complaint need not allege with specificity each element necessary in order to establish the claim, here it appears from the face of the complaint that even if Plaintiff proved every fact alleged in the complaint, she would still be entitled to no relief. In short, Plaintiff has failed to allege any causal relationship between the termination of her employment and any activity protected by the statutes referenced in the complaint. This Court recommends that Counts I, II, and III of the Complaint be dismissed.

**B. Claims for Quantum Meruit Should be Dismissed**

As a sub-part to Count III of Plaintiff's complaint it appears that she alleges unjust enrichment as an independent claim. Specifically, Plaintiff contends that Kindred received a benefit from her labor, and materials, and has been unjustly enriched, making Defendant liable in quantum meruit. This common law claim is preempted by the Minnesota Human Rights Act. Minn. Stat. § 363.11 states: "as to acts declared unfair by Minn. Stat. § 363.03 and 363.123, the procedure herein provided shall, while pending, be exclusive. Ms. Richards' quantum meruit claim is preempted by the discrimination claims as they both arise out of the same nucleus of facts. See Sullivan v.Spot Weld,Inc., 560 N.W.2d 712, 717 (Minn. Ct. App. 1996); See also Pierce v. Rainbow Foods Group, Inc., 158 F.Supp. 2d 969, 975-76 (D.Minn. 2001).

Plaintiff also fails to allege the elements necessary to sustain a claim of quantum meruit in the complaint. "There can be no recovery in quantum meruit where a valid express contract between the parties exists." See Griep v. Yamaha Motor Corp. U.S.A., Inc., 120 F.Supp.2d 1196 (D.Minn. 2000). Where there is no actual contract, express or implied in fact, a claim of quantum meruit may permit the recovery of damages where it would be unjust to allow a defendant to benefit from

services rendered by the plaintiff without compensating her for them. There are no references in the complaint to any agreement between the parties, expressed or implied. Indeed, the only relationship alleged in the complaint is that Plaintiff was an employee of Defendant. Plaintiff does not claim, however, that she was not compensated for work she completed prior to her termination. Accordingly, this Court recommends that the claim of unjust enrichment be dismissed.

**C. Punitive Damages Claim Must Be Dismissed**

Under Minnesota law, a complaint "must not seek punitive damages", see Minn. Stat. §549.20. A plaintiff who wishes to assert a punitive damage claim must first obtain leave of the court based upon a prima facie showing of defendant's deliberate disregard for the rights or safety of the plaintiff. Minn. Stat. § 549.20 (1988); Ulrich v. City of Crosby, 848 F. Supp. 861, 867 (D. Minn. 1994). Swanlund v. Shimano Indus. Corp. Ltd., 459 N.W.2d 151, 154 (Minn. App. 1990), rev. denied (October 5, 1990). As Plaintiff has failed to follow the Minnesota procedure, but has simply included in her complaint a separate count seeking punitive damages, it is recommended that Plaintiff's punitive damage claim be dismissed.

In sum, Plaintiff has failed to state a claim upon which relief can be granted, and this Court recommends that Defendant's Motion to Dismiss be granted.

## IV. RECOMMENDATION

Based upon the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)[#3] be **GRANTED.**

DATED: July 22, 2002

FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection in made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within 10 days a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.